IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lisa Randle, Plaintiff, vs. Historic Columbia Foundation, Robin Waites, Adam Roy, and Belinda Gergel, Defendants. | ) | Civil Action No. 3:05-2581-CMC-JRM **REPORT AND RECOMMENDATION** |

Pro se plaintiff, Lisa Randle ("Randle"), filed this action on September 6, 2005, against her former employer, the Historic Columbia Foundation ("HCF"), alleging violations of Title VII, the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 1985(3), and a civil conspiracy under South Carolina law. Defendants Robin Waites, Adam Roy, and Belinda Gergel ("the individual defendants") filed a motion to dismiss on October 24, 2005. HCF filed a separate motion to dismiss on that same date. All defendants assert that they are entitled to dismissal pursuant to Fed. R. Civ. P. 12(b)(6). A hearing was held on November 23, 2005, at which the undersigned fully advised Randle of her obligations as a pro se litigant. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was delivered to plaintiff. Randle filed an opposition memorandum on December 28, 2005.[1] Defendants filed a reply on January 5, 2006.

[1]The opposition memorandum does not address the legal issues raised by defendants, but reiterates the allegations of the complaint.

Standard for Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint or claim for "failure to state a claim upon which relief can be granted." A District Court should only grant such a motion in limited circumstances. Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the claims, not to resolve disputes of surrounding facts, the merits of the claims, or the applicability of potential defenses. Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). The Court is required to accept as true all well-pled allegations in the Complaint, and to construe the facts and reasonable inferences from those facts in the light most favorable to the plaintiff. Ibarra v. United States, 120 F.3d 472, 473 (4th Cir. 1997). The Court should not dismiss a complaint for failure to state a claim "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." De' Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (internal quotation marks and citation omitted). Additionally, plaintiff's *pro se* complaint is entitled to liberal construction. Cruz v. Beto, 405 U.S. 319 (1972).

Discussion

1. The Individual Defendants

The individual defendants assert that they are entitled to dismissal of Randle's Title VII and ADEA claims against them because they are not "employers" as defined by those statutes. Randle does not specifically address this argument in her opposition memorandum.

The complaint alleges that HCF is "a 501(c)(3) corporation" (Complaint ¶ 3) and that Randle was Director of Multicultural and Educational Programs at the [HCF]." (Complaint ¶ 2). The complaint further alleges that the individual defendants were employees of HCF. (Complaint ¶'s 4-6).

Both Title VII and the ADEA provide remedial schemes against employers who discriminate against employees based upon statutory protected status. Both schemes define "employer" by the number of employees within certain time frames. See 42 U.S.C. § 2000e(b) (Title VII) and 29 U.S.C. § 630(b) (ADEA). Generally, where the employer is a corporation, it can only discriminate through the acts of its employees and agents. The Supreme Court has defined when an employer can be held liable for discrimination by its supervisory employees against its subordinate employees. Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington Industries v. Ellerth, 524 U.S. 742 (1998). The Fourth Circuit has held that supervisory employees cannot be held liable in their individual capacities under Title VII[2] or the ADEA.[3]

Randle alleges that Waites and Gergel were supervisory employees of HCF and that Roy was an intern who she (Randle) supervised. Even through HCF may be held liable under Title VII and the ADEA for the discriminatory acts of Waites and Gergel (but not Roy),[4] the individual

---

[2]Lissau v. Southern Food Service, Inc., 159 F.3d 177 (4th Cir. 1998).

[3]Birkbeck v. Marvel Lighting Corp., 30 F.3d 507 (4th Cir. 1994).

[4]According to the complaint, Randle supervised Roy. Since Roy was an employee subordinate to Randle, he can not be held liable under these statutes for discrimination against her.

defendants cannot be held liable in their individual capacities. Therefore, all Title VII and ADEA claims against the individual defendants should be dismissed.

2. Jurisdictional Allegations

The first paragraph of the complaint appropriately alleges the basis for this Court's federal question and pendent jurisdiction by citing statutory references. Nevertheless, the defendants, both HCF and the individual defendants, assert that the jurisdictional allegations are inadequate as to Randle's Title VII and ADEA claims entitling them to dismissal pursuant to Rule 12(b)(6) or, in the alternative, an order pursuant to Rule 12(e) requiring Randle to make her complaint more definite and certain by alleging more precise jurisdictional facts.

Randle alleges that she filed two administrative charges of discrimination (Complaint ¶'s 56 and 70). Defendants assert that Randle's allegations are fatally deficient because "(n)either a copy, nor recitation of the text of either alleged Charge of Discrimination is given." Defendants also assert that "(n)either a copy, nor recitation, of the text and date of the 'Right to Sue' letters concluding the administrative proceeding and determining the timeliness *vel non* of the Complaint, are provided."

The undersigned finds that defendants' arguments are without merit. The factual information sought by defendants is seldom included, and not required, in the complaints in these types of cases. Defendants cite some general case law regarding timely filing of administrative charges and exhaustion of claims. They quote National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002) for the proposition that Title VII "'specifies with precision' the prerequisites that a plaintiff must satisfy before filing suit." However, this case does not address the precision with which such prerequisites must be pled.

Randle's complaint is sufficient. See Matthews v. American Psychological Soc'y., 2005 WL 555413 *5 (D.D.C. 2005 (unpublished) (a preliminary assertion of coverage under the statutes invoked is "adequate to state a claim and survive Defendant's 12(b)(6) motion to dismiss."). Generally, a plaintiff is not required to anticipate defendant's affirmative defenses. Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004). Whether HCF has these defenses should be the subject of discovery.

Defendants' motion to dismiss plaintiff's Title VII and ADEA claims based on inadequacy of the jurisdictional allegations, and their alternative motion to require plaintiff to make her complaint more definite and certain, should be denied.

3. 42 U.S.C. § 1985(3).

Randle alleges that Waites and Gergel[5] conspired to violate her "Fourteenth Amendment equal protection rights" in violation of 42 U.S.C. § 1985(3) (Complaint ¶ 80) by forcing her to resign because she is an African-American.

Section 1985(3) is the modern version of the Enforcement Act of 1871 which provided a reconstruction era civil rights statute that generally created a private cause of action against conspiracies to violate federally protected rights. It gained new life when the Supreme Court held that § 1985(3) could be used to provide a federal remedy for private conspiracies. Griffin v. Breckenridge, 403 U.S. 88 (1971). There is a heightened pleading standard for § 1985(3) conspiracy claims. Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). The elements of this claim are: (1) a conspiracy of two or more persons; (2) who were motivated by a specific class-

---

[5]Randle makes no allegation against Roy in the complaint that mentions him in connection with this claim in her opposition memorandum.

based, invidiously discriminatory animus; (3) to deprive the plaintiff of the equal enjoyment of rights of secured by the law to all; (4) and which results in injury to the plaintiff; (5) as a consequence of an overt act committed by the defendants in connection with the conspiracy. Buschi v. Kirven, 775 F.2d 1240, 1257 (4th Cir. 1985).

Defendants argue that they are entitled to dismissal because the only rights Randle seeks to redress are those protected by Title VII and the ADEA. Randle has not responded to this argument.

An alleged deprivation of a right created by Title VII cannot be the basis of a claim under § 1985(3). Great American Federal Savings and Loan Association v. Novotny, 442 U.S. 366 (1979). In Novotny, a discharged employee sued under § 1985(3) alleging a conspiracy to deprive him of equal protection of and equal privileges and immunities under the law. He coupled this claim with a Title VII retaliation claim. The District Court granted defendants' motion to dismiss. The Supreme Court held that § 1985(3) was a remedial statute and could not be used to redress Title VII violations. The Court reasoned that allowing otherwise would undermine the comprehensive process established by Congress under Title VII. The Court concluded that "(u)nimpaired effectiveness can be given to the plan put together by Congress in Title VII only by holding that deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(e)."

The only rights asserted by Randle are those protected by Title VII. She asserts that "Waites and Gergel conspired to force Plaintiff to resign her position" based on her race (Complaint ¶ 75). She also alleges that Waites and Gergel retaliated against her because "she filed a Charge of Discrimination against HCF." (Complaint ¶ 79). Thus, defendants are entitled to

dismissal of the § 1985(3) claim.

Defendants also argue that the complaint fails to adequately allege a conspiracy that can be remedied under § 1985(3). They primarily argue that no conspiracy is possible under the intercorporate immunity doctrine.

In Buschi, the Fourth Circuit held that a corporation cannot conspire with itself and recognized that the acts of agents of the corporation are the acts of the corporation. The Court further held that this doctrine applied even where the agents are sued individually. Buschi, 775 F.2d 1251-52.

Randle alleges that Waites, Gergel and Roy are all employees of HCF. She makes no allegation that these defendants acted outside the scope of their employment. All defendants are entitled to dismissal of this claim. See Thomas v. Northern Telecom, Inc., 157 F.Supp.2d 627 (M.D.N.C. 2000); Carter v. Maryland Aviation Admin., 2005 WL 1075328 (D.Md. 2005); Langadinos v. Appalachian School of Law, 2005 WL 2333460 (W.D.Va. 2005); and Mbadiwe v. Union Mem'l Reg'l Med. Ctr., Inc., 2005 WL 3186949 (W.D.N.C. 2005) (all dismissing § 1985(3) claims pursuant to Rule 12(b)(6) on application of Buschi).

4. State Law Conspiracy

Defendants move to dismiss Randle's pendent conspiracy claim. This claim fails as South Carolina has adopted the intercorporate conspiracy doctrine discussed above. See Lawson v. South Carolina Dep't of Corrections, 340 S.C. 346, 532 S.E.2d 259 ( 2000) and McClain v. Pactiv Corp., 360 S.C. 480, 602 S.E.2d 87 (Ct. App. 2004). Further, under South

Carolina law an at-will employee[6] cannot maintain a civil conspiracy action against his employer. Ross v. Life Ins. Co. of Va., 273 S.C. 764, 259 S.E.2d 814 (1979); Angus v. Burroughs & Chapin Co., 368 S.C. 167, 628 S.E.2d 261 (2006).

## Conclusion

Based on a review of the record, it is recommended that defendants' motions to dismiss be denied as to plaintiff's Title VII and ADEA claims against HCF and granted in all other respects. It is further recommended that defendants' motion to make the complaint more definite and certain be denied.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

June 7, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[6]Randle makes no allegation she was other than an at-will employee.

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201