IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lisa Randle, ) | Civil Action No. 3:05-2581-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Historic Columbia Foundation, ) | |
| ) | REPORT AND RECOMMENDATION |
| Defendant. ) | |
| ) | |

Pro se plaintiff, Lisa Randle ("Randle"), filed this action on September 6, 2005, alleging violations of Title VII, the Age Discrimination in Employment Act ("AEDA"), 42 U.S.C. § 1985(3), and a civil conspiracy under South Carolina law against her former employer, the Historic Columbia Foundation ("HFC") and three named individuals. By order dated July 18, 2006, the individual defendants, Randle's § 1985(3) claim, and her civil conspiracy claim were dismissed. The sole remaining defendant, HFC, filed a motion for sanctions on January 2, 2007, seeking dismissal based on Randle's failure to cooperate in discovery. Randle has not responded to the motion.

The record shows that after resolution of the motions to dismiss, HCF filed an answer and discovery began. HCF filed a motion to compel Randle to respond to its First Set of Interrogatories and First Request for Production of Documents on October 17, 2006. Randle did not respond to the motion. A hearing was held on the motion on November 2, 2006, but Randle failed to appear. The undersigned issued an order on November 2, 2006, granting HFC's motion to compel, giving Randle until November 20, 2006, to "fully and completely respond," and specifically advising her "that a failure to fully and completely respond to defendant's First Set of Interrogatories and First Request

for Production of Documents as required by this Order will subject her to sanctions, up to and including dismissal of this action." (Fed. R. Civ. P. 37).

HCF now moves for sanctions pursuant to Fed. R. Civ. P. 37(b) and Local Rule 37.01, D.S.C., because Randle has failed to comply with the Court's order. HCF's motion contains copies or correspondence and e-mails between the parties granting numerous extensions to Randle and to allow her the opportunity to respond before filing the present motion. The record shows that Randle has never fully and completely responded to HCF's interrogatories and document requests as ordered.

Rule 37 of the Federal Rules of Civil Procedure provides for sanctions for a party's failure to make disclosures or to cooperate in discovery. Rule 37(b)(2) states in part:

> If a party. . . fails to obey an order to provide or permit discovery. . . the court may make such orders in regard to the failure as are just, and among others the following:...
>
> (c) An order...dismissing the action....

In Robinson v. Yellow Freight System, 132 F.R.D. 424 (W.D.N.C. 1990), affirmed 923 F.2d 849, cert. denied, 502 U.S. 831 (1991), Judge Potter discussed the proper application of Rule 37.

> Courts applying Rule 37 have found that the rule should not be applied as an initial remedy. See generally 4A Moore's Federal Practice, Par. 37.03 [2] at 37-88 (1990) (hereinafter "Moore's"). The harsh sanctions of dismissal cannot be utilized when the failure to obey the discovery order was a result of a party's inability to do so after good faith efforts at compliance. Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 2 L.Ed.2d 1255, 78 S.Ct. 1087 (1958). Courts have generally held that there must be some element of bad faith, willfulness, gross negligence, or callous disregard of the rights of other litigants in order to justify imposition of the sanction of dismissal. See Moore's at 37-89.
>
> The determination of whether the factual situation of any given case justifies dismissal for violation of a discovery order is left in the sound

discretion of the trial court. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643, 49 L.Ed.2d 747, 96 S.Ct. 2778 (1976) (per curiam). "The question, of course, is not whether this Court, or whether the Court of Appeals would as an original matter have dismissed the action; it is whether the District Court abused its discretion in so doing." Id. at 642; see also Wilson v. Volkswagen of American, Inc., 561 F.2d 494, 504 (4th Cir. 1988), cert. denied, 434 U.S. 1020, 54 L.Ed.2d 768, 98 S.Ct. 744 (1978). The sanction of dismissal must be available to the district court not merely to penalize conduct, but to deter those who might be tempted to such conduct in the absence of such a deterrent. Nonetheless, many courts have found that an abuse of discretion occurs when the district court dismisses an action without explicitly considering whether lesser sanction would effectively cure the improper behavior. Moore's at 37-94 (citing cases).

The Fourth Circuit Court of Appeals has directed that district courts consider four factors in deciding whether to impose the sanction of dismissal when a party fails to comply with a discovery order. See Mutual Federal Savings & Loan Association v. Richards & Associates, 872 F.2d 88. 92 (4th Cir. 1988); McKenna v. Sovran Bank NA, 9 Fed. Rules Serv. 3d 1249, 1252 (4th Cir. 1987) (unpublished) (citing Wilson, 561 F.2d at 503-06); Aerodyne Systems Engineering, Ltd. v. Heritage International Bank, 115 F.R.D. 281 (D.Md. 1987); Snead v. Automation Industries, 102 F.R.D. 823 (D.Md. 1984). The factors include: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. Mutual Federal Savings & Loan, 872 F.2d at 92.

The undersigned finds that Randle has acted in bad faith based on her failure to respond to the original motion to compel and the motion for sanctions, and her failure to appear at the hearing on the motion to compel after it was rescheduled at her request. She made numerous promises to comply with the Court's order, but never did so. HCF has been prejudiced by Randle's failure to provide the most basic information to support her claims. The need to deter plaintiffs from filing cases and then failing to support their claims in any manner is great. Last, a less drastic sanction other than dismissal is not available as it appears that Randle has abandoned her case.

Based on a review of the record, it is recommended that HCF's motion for sanctions be granted and the complaint dismissed with prejudice.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

April 10, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).